Randall K. Edwards, Utah Bar No. 3787
Jeanne D. Marshall, Utah Bar No. 14999
P.O. Box 129
Bountiful, Utah 84011

(801) 328-0300 (office)
(801) 328-4822 (fax)

Attorneys for Sidwell Air Freight, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| HEATHER MADESN, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIDWELL AIR FREIGHT, INC., and CHL EXPRESS (USA) INC., d/b/a DHL EXPRESS,<br><br>Defendants. | **ANSWER OF SIDWELL AIR FRIEGHT, INC.**<br><br>Case No. 1:23-cv-00008 - BSJ<br><br>Judge: Bruce S. Jenkins |

**ANSWER TO AVERMENTS OF COLLECTIVE ACTION COMPLAINT**

As to the specific averments of the numbered paragraphs of Plaintiff's "Collective Action Complaint," Defendant Sidwell Air Freight, Inc. ("SAF") answers as follows with the following designations:

- Where Defendant states "Admit," such averment is admitted in its entirety;
- Where Defendant states "Deny," such averment is denied in its entirety;
- Where Defendant states "Insufficient Information," Defendant is without sufficient information to form a belief as to the veracity of said averment, and therefore deny the same;

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

1

- Where Defendant states "Not Pertinent," the averments stated in the referenced paragraph do not apply to Defendant and do not require an answer. To the degree that such averments may require a response by Defendant, Defendant denies the same.
- Where Defendant states "Not Required," said averment requires no factual answer to the averment in that it is either based on a legal conclusion or is argumentative. To the degree that any response is required, SAF denies the same.
- Where Defendant admits in part and denies in part, Defendant will specify that portion of the averment that is admitted; all parts not specifically admitted are denied.
- Where Defendant states "Incorporate," the averments of the foregoing paragraphs are incorporated into the answer to the referenced averment as though fully set forth at that point.

**AS TO THE "COLLECTIVE ACTION COMPLAINT":**

Defendant SAF denies the introductory averments contained under the aforesaid heading.

**AS TO "INTRODUCTION":**

1. Admit.
2. Deny.
3. Not required.

**AS TO "JURISDICTION AND VENUE"**

4. Admit that Plaintiff claims jurisdiction under the cited federal statutes; Deny that any such jurisdiction exists in this action.
5. Deny that venue is proper herein.

**AS TO "PARTIES":**

6. Admit, on information and belief.
7. Admit the address of SAF, and that SAF operates in Utah. Deny the remaining averments.
8. Not pertinent.
9. Deny. Not pertinent as to claims regarding DHL.
10. Deny. Not pertinent as to claims regarding DHL.

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

2

11. Deny. Not pertinent as to claims regarding DHL

12. Deny. Not pertinent as to claims regarding DHL.

13. Deny. Not pertinent as to claims regarding DHL

14. Deny. Not pertinent as to claims regarding DHL.

## AS TO "COLLECTIVE DEFINITION":

15. Deny that the referenced statute applies to this action or to SAF.

16. Not required.

## AS TO "FACTS":
### As to "Defendants Are Joint Employers":

17. Not pertinent.

18. Not pertinent.

19. Not pertinent.

20. Not pertinent.

21. Not pertinent.

22. Not pertinent.

23. Not pertinent.

24. Admit that SAF provides delivery services for DHL. Denies the remaining averments.

25. Not pertinent.

26. Not required.

27. Admit that SAF drivers use vehicles with a DHL designation. Deny the remaining averments.

28. On information and belief, admit that Plaintiff was a driver for SAF. Deny the remaining averments.

29. Deny, in that said averment is incomprehensible.

30. Deny, in that said averment is incomprehensible.

31. Deny, in that said averment is incomprehensible.

32. Admit that SAF drivers deliver packages to DHL customers. Deny the remaining averments.

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

33. Not required.

34. Not required.

35. Not required.

36. Not required.

37. Not required.

38. Deny.

39. Deny.

40. Not required.

41. Not pertinent.

42. Not pertinent.

43. Not pertinent.

44. Deny.

45. Deny that employees have "employment with Defendants," plural, which might include DHL. Deny the remainder of the averments.

46. Deny.

**As to "The Nature of Plaintiff's and Other Courier Drivers' Work":**

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Not required.

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

**As to "Defendants Failed to Pay Courier Drivers Properly":**

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

**As to "The Failure to Properly Pay Courier Drivers Is Willful":**

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

**As to "COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA":**

80. Not required.

81. Not required.

82. Deny.

83. Deny.

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

84. Deny.

85. Deny.

## As to "COUNT I
## Violation of the Fair Labor Standards Act
## (On Behalf of Plaintiff and the FLSA Collective)":

86. Incorporate.

87. Not required.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

## **AFFIRMATIVE AND OTHER DEFENSES**

In asserting these defenses, SAF does not assume the burden of proof on any matters for which Plaintiff (and subsequently, any opt-in Plaintiff) rightfully bears the burden of proof. In addition, SAF is continuing to investigate Plaintiff's allegations and, therefore, reserves the right to amend its Answer and Affirmative Defenses.

The term "Plaintiffs," as used below, refers to any and all current and future Plaintiffs in this lawsuit, including opt-in Plaintiffs.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim, in whole or in part, upon which relief can be granted.

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' FLSA claim is limited to the applicable two-year statute of limitations because Plaintiffs cannot establish a willful violation of the FLSA by DHL. *See* 29 U.S.C. § 255.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs may be exempt from the overtime requirements of the FLSA. *See* 29 U.S.C. § 213(a). Specifically, Plaintiffs' claims for overtime and all associated costs, expenses, and fees may be barred by the Motor Carrier Exemption set forth in Section 13(b)(1) of the FLSA or another exemption provided for by the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant, SAF complied with the applicable requirements of the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, SAF's acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which SAF belongs. *See* 29 U.S.C. §§ 258 and 259.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant, SAF complied with the requirements of the FLSA. In the alternative, SAF should not be required to pay liquidated damages because its acts or omissions were in good faith and SAF had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. *See* 29 U.S.C. § 260. In the alternative, the claims for liquidated damages and pre-judgment interest are barred to the extent that these forms of relief are duplicative of each other.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of judicial estoppel. Specifically, if Plaintiffs made or make representations in a court of law that are

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

inconsistent with their representations in this lawsuit, then their claims may be barred by the doctrine of judicial estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

This case may not be maintained as a collective action because Plaintiffs are not similarly situated to the persons they purport to represent. Thus, they cannot satisfy the requirements necessary to maintain a collective action under 29 U.S.C. § 216(b).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from pursuing this Complaint and each cause of action alleged as a class or collective action because:

(a) a class or collective action is not an appropriate method for the fair and efficient adjudication of the claims alleged;

(b) substantial difficulties are likely to be encountered in the management of this action as there is no ascertainable class or collective and no well-defined community of interest among the class or collective members;

(c) substantial difficulties are likely to be encountered in that Plaintiffs are not a proper class or collective representatives and they have differing claims or facts not typical of the class or collective and cannot adequately represent the class or collective;

(d) individual fact questions predominate over any common issues rendering class or collective action treatment inappropriate and an inferior method of pursuing the claims; and

(e) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class or collective.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate damages.

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

### ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by Plaintiffs' waiver either by Plaintiffs' own actions, course of conduct, or agreement.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent SAF is found liable for any violations, unpaid wages, or other amounts, SAF claims a credit or setoff for all amounts advanced or actually paid to Plaintiffs and/or the Putative Class in excess of that to which they were legally entitled, all amounts paid to Plaintiffs and/or the Putative Class as premium rates that are not calculated as part of their regular rate, all time that Plaintiffs and/or the Putative Class reported as work time that they did not in fact work, and all other amounts or time that Plaintiffs and/or the Putative Class took to which they were not entitled, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

SAF is a Utah corporation with its principal place of business in Utah. All of the actions averred herein purportedly occurred in Utah. To the extent Plaintiffs seek to include as part of the proposed collective individuals who worked and were paid outside of Utah, this Court lacks personal or corporate jurisdiction over SAF as to those individuals' claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

SAF presently has insufficient knowledge and information upon which to form a belief about whether it has additional affirmative defenses and/or counterclaims against Plaintiffs. Accordingly, SAF expressly reserves the right to assert additional affirmative defenses and counterclaims against Plaintiffs.

### PRAYER FOR RELIEF

Wherefore, Defendant SAF prays that Plaintiff's Complaint be dismissed; that Plaintiff take nothing thereby; that Plaintiff be disqualified from asserting any collective or class action representation; for attorney fees and costs, and for such other and further relief which to this court appears just and equitable.

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

DATED this 22nd day of March, 2023.

*/s/ Randall K. Edwards*
RANDALL K. EDWARDS

*/s/ Jeanne D. Marshall*
JEANNE D. MARSHALL

RANDALL K. EDWARDS
JEANNE D. MARSHALL
ATTORNEYS AT LAW
P.O. BOX 129
BOUNTIFUL, UT 84011
801-328-0300

10

# **CERTIFICATE OF MAILING**

I hereby certify that on the date set forth above, I caused a true and correct copy of the foregoing to be sent, via the court's electronic notification system, to the following counsel of record:

APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 1100 East
Salt Lake City, Utah 84105
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com

Camille Fundora Rodriguez
Alexandra K. Piazza
Michael J. Anderson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
crodriguez@bm.net
apiazza@bm.net
manderson@bm.net

*/s/ Randall K. Edwards*