SEYFARTH SHAW LLP
Linda C. Schoonmaker (TX Bar No. 17806300)
Admitted Pro Hac Vice
lschoonmaker@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone:  (713) 225-2300
Facsimile:  (713) 225-2340

Mark A. Wagner, UT No. 06353
975 F Street, N.W.
Washington, D.C. 20004
Phone: (415) 732-1152
Email: mawagner@seyfarth.com

Attorneys for Defendant
DHL EXPRESS (USA) INC.

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| HEATHER MADSEN, individually and on behalf of all persons similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>SIDWELL AIR FREIGHT, INC, and DHL EXPRESS (USA) INC., d/b/a DHL EXPRESS,<br><br>         Defendants. | **ANSWER TO COMPLAINT**<br><br>Case No. 1:23-cv-00008-BSJ |

Defendant DHL EXPRESS (USA) INC. ("DHL") hereby submits its Answer and

Affirmative and Other Defenses to Plaintiff's Complaint and states as follows:

### INTRODUCTION

### COMPLAINT ¶1:

Defendant Sidwell provides last-mile delivery services to Defendant DHL.

**ANSWER:**

DHL admits the allegations in Paragraph 1 to the extent that Defendant Sidwell provides DHL with  delivery services as described in the Cartage Agreement between them and Sidwell employs couriers to complete those services; otherwise denied.

**COMPLAINT ¶2:**

Defendants jointly employ non-exempt Courier Drivers, such as Plaintiff and members of the proposed Collective, to transport packages from DHL's facilities to DHL's customers ("Courier Drivers").

**ANSWER:**

DHL denies the allegations in Paragraph 2.

**COMPLAINT ¶3:**

This case is about Defendants' failure to comply with applicable wage and hour laws and to pay non-exempt Courier Drivers all wages owed—including overtime—for work performed in delivering hundreds of DHL packages each day and meeting DHL's delivery needs throughout Utah and other states.

**ANSWER:**

DHL admits that Plaintiff makes allegations regarding her wages, but denies that DHL violated any laws or that Plaintiff is entitled to any recovery. DHL denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

### COMPLAINT ¶4:

This action arises under the FLSA, 29 U.S.C. §§ 201-219. As a federal law claim, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

### ANSWER:

The allegations in this paragraph state a legal conclusion to which no answer is required; to the extent an answer is required DHL denies the allegations in Paragraph 4.

### COMPLAINT ¶5:

Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside, maintain offices, and/or conduct business in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

### ANSWER:

DHL denies the allegations in Paragraph 5.

## PARTIES

### COMPLAINT ¶6:

Plaintiff Heather Madsen is a citizen of Utah. Plaintiff worked for Defendants as a Courier Driver in Utah from June 2021 to December 2022. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. See Ex. A.

### ANSWER:

DHL lacks sufficient knowledge to either admit or deny whether Plaintiff is a citizen of Utah and on that basis denies those allegations in this paragraph.  DHL admits

that Plaintiff filed a consent form with the Complaint. DHL denies the remaining allegations in Paragraph 6.

**COMPLAINT ¶7:**

Defendant Sidwell Air Freight ("Sidwell") is a corporation headquartered at 256 N. State St. C, Morgan, UT 84050. Sidwell operates throughout the United States and maintains facilities across Utah, including within this Judicial District.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 7 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶8:**

Defendant DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") is an Ohio corporation and is headquartered at DHL's corporate office located at 1210 S. Pine Island Rd. Suite 400, Plantation, FL. DHL operates throughout the United States and maintains facilities across Utah, including within this Judicial District.

**ANSWER:**

DHL admits that it is an Ohio Corporation and that it maintains its headquarters in Plantation, Florida. DHL also admits that it does business in Utah. DHL denies the remaining allegations in Paragraph 8.

**COMPLAINT ¶9:**

The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

**ANSWER:**

DHL denies the allegations in Paragraph 9.

**COMPLAINT ¶10:**

During times relevant, Plaintiff was an employee of the Defendants and was covered by the FLSA.

**ANSWER:**

DHL denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Each Defendant is an employer covered by the FLSA.

**ANSWER:**

DHL admits that it is an employer covered by the FLSA.

**COMPLAINT ¶12:**

Defendants employ individuals, including Courier Drivers, in Utah and other states.

**ANSWER:**

DHL denies the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

**ANSWER:**

DHL denies that there are any employees who work for all Defendants and denies the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Defendants' annual gross volume of sales exceeds $500,000.

**ANSWER:**

DHL denies that there is a combined annual gross volume of sales for Defendants as they are separate entities. DHL admits that it currently has an annual gross volume of sales made or business done in excess of $500,000.

## COLLECTIVE DEFINITION

**COMPLAINT ¶15:**

Plaintiff brings Counts I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action, individually, and on behalf of the following collective:

> All current and former Courier Drivers or delivery drivers who were paid by Defendant Sidwell to perform work on behalf of DHL in the United States during the applicable limitations period (the "FLSA Collective").

**ANSWER:**

DHL admits that Plaintiff alleges claims under the FLSA but denies that it violated the FLSA, denies that Plaintiff is entitled to any form of relief and denies this case is appropriate for a collective action. DHL denies the remaining allegations in Paragraph 15.

**COMPLAINT ¶16:**

Plaintiff reserves the right to redefine the FLSA Collective before notice or certification, and thereafter, as may be warranted or necessary.

91655808v.1

**ANSWER:**

DHL denies that Plaintiff may reserve the right to redefine any collective as Plaintiff desires and without limitation and denies the allegations in Paragraph 16.

## FACTS

### Defendants Are Joint Employers

**COMPLAINT ¶17:**

Defendant DHL is the world's leading delivery company, with a team of shipping professionals that transport goods to customers across the United States, as well as in other countries and territories, in a short period of time.

**ANSWER:**

DHL admits that it is in the world's leading delivery company and denies the remaining allegations in Paragraph 17.

**COMPLAINT ¶18:**

Defendant DHL holds itself out as a company able to provide domestic and international parcel pickup, delivery, and return solutions for business customers and individual customers, as well as e-commerce solutions and facilitation services.

**ANSWER:**

DHL admits that it is the world's leading delivery company and denies the remaining allegations in Paragraph 18.

**COMPLAINT ¶19:**

Defendant DHL and the local and regional delivery vendors it partners with, such as Defendant Sidwell, are in the business of delivering goods across the United States.

91655808v.1

**ANSWER:**

DHL admits that it is in the business of delivering goods across the United States. DHL lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 19 and on that basis denies those allegations in this paragraph.

**COMPLAINT ¶20:**

Defendant DHL utilizes local and regional delivery vendors, such as Sidwell, to transport goods across the country to customers in a short period of time.

**ANSWER:**

DHL admits it utilizes vendors for delivery services.  DHL denies the remaining allegations in Paragraph 20.

**COMPLAINT ¶21:**

Defendant DHL relies on local and regional delivery vendors, such as Sidwell, for the essential services of transporting goods from DHL facilities to customers' doors as quickly as possible.

**ANSWER:**

DHL admits it utilizes vendors for delivery services.  DHL denies the remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

The local and regional delivery vendors, such as Sidwell, are an integral part of DHL's business. Without the use of delivery vendors, such as Sidwell, DHL could not get their goods to customers.

91655808v.1

**ANSWER:**

DHL admits it utilizes vendors for delivery services.  DHL denies the remaining allegations in Paragraph 22.

**COMPLAINT ¶23:**

Defendant DHL attempts to shield itself from liability by utilizing third-party delivery vendors, such as Sidwell, to provide the employees to transport their goods.

**ANSWER:**

DHL denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Defendant Sidwell provides delivery services for Defendant DHL at one or more of DHL's "ServicePoint" locations—facilities where packages are picked up for delivery—through the use of Courier Drivers such as Plaintiff and members of the proposed Collective.

**ANSWER:**

DHL admits it utilizes vendors for delivery services. DHL denies the remaining allegations in Paragraph 24.

**COMPLAINT ¶25:**

Courier Drivers are engaged to fulfill DHL's delivery needs and to transport goods from DHL ServicePoint locations to DHL customers.

**ANSWER:**

DHL denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Courier Drivers work in the transportation industry.

91655808v.1

**ANSWER:**

DHL does not, and did not, employ the Courier Drivers and lacks sufficient information to admit or deny the allegations in Paragraph 26 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶27:**

As required by DHL, Sidwell provides Courier Drivers, such as Plaintiff and other Courier Drivers, with a DHL-branded vehicle.

**ANSWER:**

DHL admits that some of its vendors maintain a fleet of vehicles, some of which are DHL-branded.

**COMPLAINT ¶28:**

Plaintiff worked as a Courier Driver for Sidwell from June 22, 2021 until December 2022, making deliveries on behalf of DHL, in Utah.

**ANSWER:**

DHL denies Plaintiff made deliveries on behalf of DHL. DHL lacks sufficient knowledge to either admit or deny whether Plaintiff worked as a courier driver for Sidwell making deliveries in Utah during that time period or ever and on that basis denies those allegations in this paragraph.

**COMPLAINT ¶29:**

The goods that Courier Drivers transport from DHL ServicePoint locations to DHL customers originate, or are transformed into their final condition, in a different state than the delivery state.

91655808v.1

**ANSWER:**

DHL admits that the packages that couriers deliver to DHL customers may be flown from a different state than the delivery state. DHL denies the remaining allegations in Paragraph 29.

**COMPLAINT ¶30:**

The goods the Courier Drivers transport from DHL ServicePoint locations to DHL customers are not transformed or modified during the shipping process.

**ANSWER:**

DHL admits that the packages that couriers deliver to DHL customers are not transformed or modified during the shipping process. DHL denies the remaining allegations in Paragraph 30.

**COMPLAINT ¶31:**

Courier Drivers deliver goods to DHL customers in the same condition as when they were shipped to the DHL ServicePoint.

**ANSWER:**

DHL admits that couriers should be delivering the packages in the same, or substantially same, condition in which they accepted those packages. DHL lacks sufficient knowledge to admit or deny whether every Courier Driver delivered every package in the same condition for every delivery performed and on that basis denies those allegations in this paragraph. DHL denies the remaining allegations in Paragraph 31.

**COMPLAINT ¶32:**

Courier Drivers deliver goods to DHL customers that were shipped from around the United States.

**ANSWER:**

DHL denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

Courier Drivers handle goods that travel interstate.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny whether every Courier Driver handles goods that travel interstate and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶34:**

Courier Drivers are directly responsible for transporting goods in interstate commerce.

**ANSWER:**

DHL denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Courier Drivers operate vehicles in order to deliver DHL packages, which is vital to the commercial enterprise of the local and regional delivery vendors and DHL.

**ANSWER:**

DHL admits that some couriers drive vehicles to deliver DHL packages to DHL customers. DHL denies the remaining allegations in Paragraph 35.

**COMPLAINT ¶36:**

A strike by Courier Drivers would disrupt interstate commerce.

**ANSWER:**

DHL denies the allegations in Paragraph 36.

91655808v.1

**COMPLAINT ¶37:**

Plaintiff and other Courier Drivers are necessary in order for DHL goods traveling interstate to make it to their final destination—DHL customers.

**ANSWER:**

DHL admits that some Courier Drivers deliver DHL packages to DHL customers. DHL denies the remaining allegations in Paragraph 37.

**COMPLAINT ¶38:**

At all times relevant, DHL has been affiliated with and/or operating with Sidwell, with respect to Plaintiff and other similarly situated employees, such that DHL and Sidwell are "joint employers" of Plaintiff and other similarly situated employees.

**ANSWER:**

DHL denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Courier Drivers for the local and regional delivery vendors, including Sidwell, are required to wear DHL-branded uniforms while making deliveries and are further equipped with DHL-branded badges.

**ANSWER:**

DHL admits that couriers who deliver DHL materials to DHL customers are required to wear DHL-branded uniforms.  DHL denies the remaining allegations in Paragraph 39.

**COMPLAINT ¶40:**

When Courier Drivers present themselves to DHL customers, they are identifiable as DHL associates.

**ANSWER:**

DHL denies that couriers are permitted to identify themselves as DHL associates. Couriers are instructed that they are not employees of DHL.   DHL lacks sufficient knowledge to either admit or deny the remaining allegations in Paragraph 40 and on that basis denies the remaining allegations in this paragraph.

**COMPLAINT ¶41:**

Courier Drivers are provided with a DHL-issued handheld scanner. The handheld scanner is used for navigation assistance, package scanning, and as a phone. The scanner allows DHL to contact and track a Courier Driver's movement and work progress.

**ANSWER:**

DHL admits that it provides some of its vendors with handheld scanning devices. DHL denies the remaining allegations in Paragraph 41.

**COMPLAINT ¶42:**

DHL has direct access to the handheld scanners, which are given to and used by each Courier Driver.

**ANSWER:**

DHL denies the allegations in Paragraph 42.

**COMPLAINT ¶43:**

DHL assigns and provides routes to local and regional delivery vendors, including Sidwell.

**ANSWER:**

DHL denies the allegations in Paragraph 43.

91655808v.1

**COMPLAINT ¶44:**

DHL oversees and controls the work activities, work schedules, conditions and management of Courier Drivers.

**ANSWER:**

DHL denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Throughout their employment with Defendants, Courier Drivers are required to comply with DHL's operational procedures meet DHL's work expectations.

**ANSWER:**

DHL denies the allegations in Paragraph 45.

**COMPLAINT ¶46:**

DHL's policies and expectations regarding payment and delivery goals dictated the delivery vendors' ability to pay Courier Drivers properly for their overtime work.

**ANSWER:**

DHL denies the allegations in Paragraph 46.

### The Nature of Plaintiff's and Other Courier Drivers' Work

**COMPLAINT ¶47:**

The nature of the work performed by Courier Drivers is similar and standardized at each of the DHL ServicePoints where Sidwell provides services for DHL, as the nature of the work is centrally controlled and directed by Defendants.

**ANSWER:**

DHL denies the allegations in Paragraph 47.

**COMPLAINT ¶48:**

At all times during the relevant period, Plaintiff began her shift by driving to the hub/warehouse where she picked up a handheld scanning device. Then, she would sort through the packages that came off the plane and load up her DHL Van.

**ANSWER:**

DHL denies Plaintiff had a DHL van. DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 48 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶49:**

At all times during the relevant period, Plaintiff and other Courier Drivers have been regularly required to begin their shifts between approximately 6:00 am and 8:00 am on weekday mornings.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 49 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶50:**

At all times during the relevant period, Plaintiff and other Courier Drivers have been regularly scheduled to work five or more days per week, with shifts that exceed ten hours in length.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 50 and on that basis denies the allegations in this paragraph.

91655808v.1

**COMPLAINT ¶51:**

Upon information and belief, Plaintiff and other Courier Drivers have been required to complete all assigned routes regardless of the length of their shifts.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 51 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶52:**

Upon information and belief, all of the work-related activities that Plaintiff and other Courier Drivers have been required to and do perform often takes ten to almost thirteen hours per day to complete.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 52 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶53:**

Plaintiff has regularly worked in excess of ten hours each workday, sometimes as much as almost thirteen hours per workday. Plaintiff has observed that other Courier Drivers have routinely worked similar hours.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 53 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶54:**

Plaintiff regularly worked in excess of forty hours per week. Plaintiff observed that other Courier Drivers have routinely worked similar hours.

91655808v.1

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 54 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶55:**

Defendants unilaterally select the parcels and the quantity to be delivered. Plaintiff and other Courier Drivers cannot reject delivery assignments.

**ANSWER:**

DHL lacks sufficient knowledge to either admit or deny the allegation that the other defendant unilaterally selected parcels and on that basis denies those allegations in this paragraph. DHL denies the remaining allegations in Paragraph 55.

**COMPLAINT ¶56:**

Due to the volume of work, Plaintiff was unable to take rest breaks and routinely missed meal breaks as well. The missed rest and meal breaks resulted in unpaid off-the-clock work. Plaintiff has observed that other Courier Drivers routinely work through their rest breaks and meal period and work off-the-clock.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 56 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶57:**

Defendants have failed to provide Plaintiff and other Courier Drivers with a thirty-minute meal break for every five hours worked and have failed to ensure that Plaintiff and Courier Drivers took or are taking all their meal breaks.

**ANSWER:**

DHL denies the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Plaintiff and other Courier Drivers are non-exempt for overtime purposes.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 58 and on that basis denies the allegations in this paragraph.

### Defendants Failed to Pay Courier Drivers Properly

**COMPLAINT ¶59:**

Plaintiff and other Courier Drivers have regularly worked more than forty hours per week.

**ANSWER:**

DHL denies that Plaintiff and other Courier Drivers ever worked any hours as DHL employees.  DHL lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 59 and on that basis denies the remaining allegations in this paragraph.

**COMPLAINT ¶60:**

Plaintiff and other Courier Drivers have regularly worked five or more days per week and ten or more hours per day.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 60 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶61:**

Defendants have been aware that Plaintiff and other Courier Drivers regularly work more than forty hours per week.

**ANSWER:**

DHL denies the allegations in Paragraph 61.

**COMPLAINT ¶62:**

Defendants have not properly compensated Plaintiff and other Courier Drivers for all hours worked.

**ANSWER:**

DHL denies the allegations in Paragraph 62.

**COMPLAINT ¶63:**

Plaintiff and other Courier Drivers were not paid for all hours worked in excess of forty hours in a workweek and have not paid proper overtime premiums.

**ANSWER:**

DHL admits it did not compensate Plaintiff and the other Courier Drives in any fashion because DHL was not their employer.  DHL lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 63 and on that basis denies the remaining allegations in this paragraph.

**COMPLAINT ¶64:**

Courier Drivers are paid a fixed amount per day, without regard to the number of hours that Courier Drivers worked, and regularly are not paid overtime premiums for all hours worked in excess of forty in a workweek.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 64 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶65:**

Plaintiff regularly worked approximately fifty to fifty-five hours per week.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 65 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶66:**

Sidwell refers to its flat-rate wage payments as being split into a "Daily Wage" rate and a "Daily Wage Overtime" rate.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 66 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶67:**

Sidwell's framing of "Daily Wage" and "Daily Wage Overtime" payments as being split into a regular flat rate per day and an overtime flat rate per day is a willful attempt to circumvent the FLSA and applicable state law.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 67 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶68:**

Plaintiff was paid a flat Daily Wage of $150 per day and flat Daily Wage Overtime of $165 to $200, and she was not paid an overtime premium despite regularly working more than forty hours per week. Plaintiff observed other Courier Drivers receive similar pay structure.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 68 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶69:**

Plaintiff also received an additional quarter of her Daily Wage if she took additional stops for her route. The extra pay did not take into account the actual hours worked.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 69 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶70:**

Defendants have paid and do pay Courier Drivers, such as Plaintiff, pursuant to the same unlawful flat-rate pay policy, without paying overtime premiums for all hours of work performed in excess of forty hours per workweek.

**ANSWER:**

DHL denies the allegations in Paragraph 70.

**COMPLAINT ¶71:**

Defendants' unlawful flat-rate policy, in which Plaintiff and other Courier Drivers are not compensated for all time worked and are not paid overtime premiums for all hours

91655808v.1

worked in excess of forty per workweek, does not comply with the requirements of the FLSA and applicable state law.

**ANSWER:**

DHL denies the allegations in Paragraph 71.

**COMPLAINT ¶72:**

Defendants have not accurately recorded and tracked all of the hours worked by Plaintiff and other Courier Drivers and therefore have failed to compensate Plaintiff and the proposed collective action members at one and one-half times the regular rate of pay for hours worked over forty hours in a week.

**ANSWER:**

DHL admits it did not record and track the hours worked by Plaintiff and the other Courier Drivers and did not compensate them because DHL was not their employer. DHL lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 72 and on that basis denies the remaining allegations in this paragraph.

**COMPLAINT ¶73:**

In addition, Defendants have failed to make, keep, and preserve records with respect to Plaintiff and other Courier Drivers sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal and state law. See 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

**ANSWER:**

DHL admits it did not record and track the hours worked by Plaintiff and the other Courier Drivers and did not compensate them because DHL was not their employer.

### The Failure to Properly Pay Courier Drivers Is Willful

**COMPLAINT ¶74:**

Defendants' actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

**ANSWER:**

DHL denies the allegations in Paragraph 74.

**COMPLAINT ¶75:**

Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over forty hours per week, Defendants did not and do not pay Courier Drivers, such as Plaintiff, proper overtime compensation for overtime hours worked.

**ANSWER:**

DHL admits it did not compensate Plaintiff and the other Courier Drives in any fashion because DHL was not their employer.  DHL lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 75 and on that basis denies the remaining allegations in this paragraph

**COMPLAINT ¶76:**

Defendants know, or absent their own recklessness should have known, that the Courier Drivers are or were entitled to such overtime premiums.

**ANSWER:**

DHL denies the allegations in Paragraph 76.

**COMPLAINT ¶77:**

Defendants have failed to pay Plaintiff and other Courier Drivers all overtime compensation owed.

**ANSWER:**

DHL denies the allegations in Paragraph 77.

**COMPLAINT ¶78:**

By failing to pay all the compensation owed to Plaintiff and other Courier Drivers, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**ANSWER:**

DHL denies the allegations in Paragraph 78.

**COMPLAINT ¶79:**

Defendants have not made good-faith efforts to comply with the FLSA and applicable state law.

**ANSWER:**

DHL denies the allegations in Paragraph 79.

<strong>COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA</strong>

**COMPLAINT ¶80:**

Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

**ANSWER:**

DHL admits that Plaintiff purports to bring this lawsuit under the FLSA as a collective action, but denies that this case should proceed as a collective action or that Plaintiff is entitled to any other form of relief.

**COMPLAINT ¶81:**

Plaintiff desires to pursue her FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

DHL admits that Plaintiff purports to bring this lawsuit under the FLSA as a collective action, but denies that this case should proceed as a collective action or that Plaintiffis entitled to any other form of relief.

**COMPLAINT ¶82:**

Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Defendants' common compensation, timekeeping, and payroll practices.

**ANSWER:**

DHL denies the allegations in Paragraph 82.

**COMPLAINT ¶83:**

Specifically, Defendants have failed to compensate Plaintiff for all hours worked and have failed to pay overtime at one-and-a-half times the employee's regular rate as required by the FLSA for hours worked in excess of forty per workweek.

**ANSWER:**

DHL denies the allegations in Paragraph 83.

**COMPLAINT ¶84:**

The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

**ANSWER:**

DHL denies the allegations in Paragraph 84.

**COMPLAINT ¶85:**

Defendants employ many FLSA Collective Members throughout Utah and other states. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**ANSWER:**

DHL denies the allegations in Paragraph 85.

## COUNT I

### Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

**COMPLAINT ¶86:**

Plaintiff restates and incorporates by reference the above paragraphs.

**ANSWER:**

DHL incorporates all previous responses as though fully set forth herein.

**COMPLAINT ¶87:**

Under 29 U.S.C. § 216(b), Plaintiff brings this count on behalf of herself and the FLSA Collective.

**ANSWER:**

DHL admits that Plaintiff purports to bring this lawsuit under the FLSA as a collective action, but denies that this case should proceed as a collective action or that Plaintiff is entitled to any other form of relief.

**COMPLAINT ¶88:**

Because they were hired, paid, and had their work controlled by Defendants, Plaintiff and members of the FLSA Collective each qualify as an "employee" under 29 U.S.C. § 203(e)(1).

**ANSWER:**

DHL denies the allegations in Paragraph 88.

**COMPLAINT ¶89:**

Based on their business operations in package delivery, Defendants are each an "employer" engaged in interstate commerce under 29 U.S.C. § 203(d).

**ANSWER:**

DHL denies the allegations in Paragraph 89.

**COMPLAINT ¶90:**

At all relevant times, as part of Defendants' business operations, Plaintiff and members of the FLSA Collective were engaged in interstate commerce and/or in the production of goods for commerce under 29 U.S.C. § 207(a).

**ANSWER:**

DHL denies the allegations in Paragraph 90.

**COMPLAINT ¶91:**

29 U.S.C. § 207 requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

**ANSWER:**

The allegations in this paragraph state a legal conclusion to which no answer is required; to the extent an answer is required DHL denies that it is or was the employer of Plaintiff and the other Courier Drivers.

**COMPLAINT ¶92:**

Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

**ANSWER:**

DHL lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 92 and on that basis denies the allegations in this paragraph.

**COMPLAINT ¶93:**

As employers of Plaintiff and the FLSA Collective, Defendants suffered and permitted Plaintiff and members of the FLSA Collective to work more than forty hours per workweek within the statutory period without paying them overtime compensation required by 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

**ANSWER:**

DHL denies the allegations in Paragraph 93.

**COMPLAINT ¶94:**

Defendants' actions, policies, and practices described above violated the FLSA's overtime requirement because Defendants regularly and repeatedly failed to pay required overtime compensation to Plaintiff and members of the FLSA Collective.

**ANSWER:**

DHL denies the allegations in Paragraph 94.

**COMPLAINT ¶95:**

Defendants also failed to create, keep, and preserve accurate records with respect to work performed by the Plaintiff and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

**ANSWER:**

DHL admits that it did not keep records of any work Plaintiff or other Courier Drivers performed because they never worked for DHL.  DHL lacks sufficient information to either admit or deny the allegations related to the records kept by the other defendant

and on that basis denies those allegations in this paragraph.  DHL denies the remaining allegations in Paragraph 95.

**COMPLAINT ¶96:**

In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**ANSWER:**

DHL denies the allegations in Paragraph 96.

**COMPLAINT ¶97:**

As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the FLSA Collective have suffered damages. Plaintiff and the FLSA Collective are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under 29 U.S.C. § 216(b).

**ANSWER:**

DHL denies the allegations in Paragraph 97.

**COMPLAINT ¶98:**

Defendants are liable under the FLSA for failing to properly compensate Plaintiff and members of the FLSA Collective. As a result, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**ANSWER:**

DHL denies the allegations in Paragraph 98.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of themselves and all others similarly situated:

a.      An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c.      For unpaid wages as may be owed and prejudgment interest to the fullest extent permitted under the law;

d.      Liquidated and exemplary damages to the fullest extent permitted under the law;

e.      Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

f.      Such other and further relief as this Court deems just and proper.

**ANSWER:**

DHL admits that Plaintiff seeks the above-detailed relief but denies that Plaintiff is entitled to any relief.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

**ANSWER:**

DHL admits that Plaintiff demands a trial by jury.

**AFFIRMATIVE AND OTHER DEFENSES**

In asserting these defenses, DHL does not assume the burden of proof on any matters for which Plaintiff (and subsequently, any opt-in Plaintiff) rightfully bears the burden of proof. In addition, DHL is continuing to investigate Plaintiff's allegations and, therefore, reserves the right to amend its Answer and Affirmative Defenses.

The term "Plaintiff," as used below, refers to any and all current and future Plaintiff in this lawsuit, including opt-in Plaintiffs.

1.      DHL is improperly joined in this action because DHL was and is not Plaintiff's "employer."

2.      Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

3.      Plaintiff cannot recover under the FLSA against DHL because she is not, and was not, an employee of DHL under the FLSA.

4.      Plaintiff's FLSA claim is limited to the applicable two-year statute of limitations because Plaintiff cannot establish a willful violation of the FLSA by DHL. See 29 U.S.C. § 255.

5.      Plaintiff may be exempt from the overtime requirements of the FLSA. See 29 U.S.C. § 213(a). Specifically, Plaintiff's claims for overtime and all associated costs, expenses, and fees may be barred by the Motor Carrier Exemption set forth in Section 13(b)(1) of the FLSA or another exemption provided for by the FLSA.

6.      At all times relevant, DHL complied with the applicable requirements of the FLSA. In the alternative, DHL is not liable because its acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which DHL belongs. See 29 U.S.C. §§ 258 and 259.

7.      At all times relevant, DHL complied with the requirements of the FLSA. In the alternative, DHL should not be required to pay liquidated damages because its acts or omissions were in good faith and DHL had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. See 29 U.S.C. § 260. In the alternative, the claims for liquidated damages and pre-judgment interest are barred to the extent that these forms of relief are duplicative of each other.

8.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of judicial estoppel. Specifically, if Plaintiff made or makes representations in a court of law that are inconsistent with her representations in this lawsuit, then her claims may be barred by the doctrine of judicial estoppel.

9.      This case may not be maintained as a collective action because Plaintiff is not similarly situated to the persons she purports to represent. Thus, she cannot satisfy the requirements necessary to maintain a collective action under 29 U.S.C. § 216(b).

10.     DHL is an Ohio corporation with its principal place of business in Plantation, Florida. This Court therefore lacks general jurisdiction over DHL. To the extent Plaintiff seeks to include as part of the proposed collective individuals who worked and were paid

34

outside of Utah, this Court lacks personal jurisdiction over DHL as to those individuals'
claims.

DHL presently has insufficient knowledge and information upon which to
form a belief about whether it has additional affirmative defenses and/or counterclaims
against Plaintiff. Accordingly, DHL expressly reserves the right to assert additional
affirmative defenses and counterclaims against Plaintiff.


DATED: March 27, 2023                    Respectfully submitted,

                                         SEYFARTH SHAW LLP


                                         By: _Linda C. Schoonmaker_

                                         Linda C. Schoonmaker
                                         Admitted Pro Hac Vice
                                         State Bar No. 17806300
                                         Seyfarth Shaw LLP
                                         700 Milam Street, Suite 1400
                                         Houston, Texas 77002
                                         Telephone:  (713) 225-2300
                                         Facsimile:   (713) 225-2340
                                         lschoonmaker@seyfarth.com

                                         _s/ Mark A. Wagner_
                                         Mark A. Wagner, UT No. 06353
                                         975 F Street, N.W.
                                         Washington, D.C. 20004
                                         Phone: (415) 732-1152
                                         Email: mawagner@seyfarth.com

                                         Attorneys for Defendant
                                         DHL EXPRESS (USA) INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Linda C. Schoonmaker