IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HEATHER MADSEN, individually and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>SIDWELL AIR FREIGHT, DHL EXPRESS (USA) INC., d/b/a DHL EXPRESS<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR EQUITABLE TOLLING**<br><br>Case No. 1:23-cv-0008-JNP<br><br>Hon. Jill N. Parrish |

      This matter was reassigned to this Court on November 16, 2023, following the death of Judge Bruce S. Jenkins. [*See* ECF 55.] The very next day Plaintiff filed a Motion for Equitable Tolling (the "Motion"). [ECF 57.] Defendants' Responses to Plaintiff's Motion were filed by November 30, 2023 [ECF 59 & 63], and Plaintiff filed her Reply in support of her Motion on December 11, 2023. [ECF 66.]

      In her Motion, Plaintiff seeks an order equitably tolling the statute of limitations under the Fair Labor Standards Act ("FLSA") for all potential opt-in plaintiffs for the period from June 16, 2023, to the date the Court renders its decision on Plaintiff's previously filed Motion for Conditional Certification and Judicial Notice (the "Certification Motion"). [*See* ECF 29.]

Pursuant to this District's Local Rules, the Court has elected to determine the Motion based on the parties' submissions without the need for oral argument. *See* DUCivR 7-1(g). The Court, having carefully reviewed Plaintiff's Motion, the Responses, and the Reply, and having reviewed the authorities cited therein, and for reasons discussed more fully below, hereby DENIES WITHOUT PREJUDICE the Plaintiff's Motion. In summary, it is the Court's view that any delay in ruling on Plaintiff's Certification Motion did not amount to the sort of extraordinary circumstances that justify equitable tolling. If, however, any opt-in plaintiffs believe they have grounds that would support tolling, they remain free to refile a new tolling motion.

BACKGROUND

Plaintiff's January 26, 2023 Complaint alleged that Defendants Sidwell Air Freight and DHL acted as "joint employers" who violated the overtime provisions of the FLSA. [*See* ECF 2 at ¶¶ 17–46.] It was not until 106 days later, however, that Plaintiff filed her Certification Motion. [*See* ECF 29.] Defendants timely filed their responses, but Plaintiff requested and received an extension to file her reply brief, which was not filed until June 16, 2023. [ECF 38.]

Upon receipt of Plaintiff's reply, Judge Jenkins set the matter for a hearing on July 27, 2023. Before the hearing was held, however, Plaintiff filed a Notice of Supplemental Authority [ECF 40], in which she asserted that the U.S. Supreme Court's June 27, 2023 decision in *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023), was "relevant to the issue of whether the Court may exercise general

personal jurisdiction over Defendant DHL." [*See* ECF 40.]  At counsels' request, the July 27 hearing was vacated and reset for August 11, 2023.  At the rescheduled hearing, Plaintiff pressed her new *Mallory*-based argument that the Court had general personal jurisdiction over DHL to support nationwide certification and notice because DHL was registered to do business in Utah.  Given the novelty of this argument (indeed Plaintiff did not make this argument in her initial Certification Motion), the Court directed additional expedited briefing.  That briefing was not complete until August 28, 2023.  [*See* ECF 48.]  Judge Jenkins immediately set a hearing for September 20, 2023.  Two days later, however, counsel for Plaintiff and counsel for Defendants contacted the Court to delay the hearing until October 20, 2023.  Thus, the earliest a final hearing on Plaintiff's Certification Motion and her new jurisdictional argument could have been held was October 20, 2023, approximately nine months <u>after</u> she filed her Complaint, and more than five months <u>after</u> she filed her Certification Motion.

## DISCUSSION

Plaintiff argues that equitable tolling is warranted here because there has been an "extraordinary" delay in adjudicating her Certification Motion.  As Plaintiff acknowledges, courts in the Tenth Circuit have uniformly limited the application of equitable tolling to potential opt-in plaintiffs in a FLSA action to three circumstances:  (1) where there was some conduct by defendant that rises to the level of actual deception; (2) where the opt-in plaintiffs have been lulled into inaction by the defendant, a state or federal agency, or by the court; or (3) where the

opt-in plaintiffs have been in some extraordinary way prevented from asserting their rights. *See Felps v. Mewbourne Oil Co.*, 460 F. Supp.3d 1232, 1238–39 (D.N.M. 2020); *see also Impact Energy Resources, LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012) (noting same standard but not in FLSA context). Even if these conditions are present, "the decision to invoke equitable tolling in a particular case lies within the sound discretion of the trial court." *Felps*, 460 F. Supp.3d at 1239 (cleaned up). And the Tenth Circuit has counseled that equitable tolling is to be granted "sparingly." *Impact Energy*, 693 F.3d at 1246.

Plaintiff's equitable tolling argument is premised upon her assertion that there has been an extraordinary delay of more than seven months since she filed her initial Certification Motion on May 12, 2023.[1] Reliance on that May 12 date, however, distorts the actual record in this action. As noted above, the earliest possible date on which Plaintiff's Certification Motion could have been ripe for decision was not until June 16, 2023, when she filed her reply. But even that date

---

[1] Citing *Asmoro v. RigStaff Texas LLC*, No. 1:10-cv-1235, 2012 WL 13040408, at *5 (D.N.M. Mar. 29, 2012), Plaintiff also argues that that equitable tolling is appropriate because she and the other potential opt-in plaintiffs have been "lulled into inaction by her past employer." [*See* ECF 57 at 8-9.] At this stage, this argument is unavailing. First, unlike the plaintiff in *Asmoro*, Plaintiff did not make any allegations in her Complaint concerning any concealment or intent to mislead by the Defendants. *Cf. Asmoro*, 2012 WL 13040408, at *5–6 (discussing allegations that defendants "concealed or failed to disclose material facts concerning Plaintiffs' employment … including, *inter alia*, the fact that Plaintiffs were entitled to overtime….") Second, as noted by the arguments of counsel at the August 11, 2023 hearing, questions in this action as to whether Plaintiff or any potential opt-in plaintiff was entitled to overtime or was properly paid for overtime, or whether Defendants' pay practices complied with the FLSA, are contested issues. [*See* ECF 52 at 28–36.] And, finally, the *Asmoro* court concluded that the record submitted in that action, arguably, indicated that defendants "mislead Plaintiffs …and lulled them into inaction, making appropriate the application of equitable tolling." 2012 WL 13040408, at *6. No record evidence has been presented in this action to support a similar conclusion.

does not hold. Just 13 days later, Plaintiff filed a supplemental brief arguing that the just-decided *Mallory* decision supported nationwide general personal jurisdiction over DHL. Plaintiff expansively argued this position at the August 11, 2023 hearing on her Certification Motion—a hearing that had been delayed two weeks at counsels' request. The Court indicated that it was "interested in the registration question" as it related to the Certification Motion, and directed the parties to submit additional briefing, which was not completed until August 28, 2023. Thus, the earliest actual date on which Plaintiff's Certification Motion was actually ripe for decision was not May 12, or June 16, but August 28. Moreover, Plaintiff's motion for equitable tolling was not filed until November 17, 2023.

"Generally, the delay between the filing of a complaint and notice to potential opt-in plaintiffs, so long as it limited to litigation in its normal course, is not a basis upon which equitable tolling properly may be used to toll the statute of limitations." *Collins v. DKL Ventures, LLC*, No. 16-cv-70, 2016 WL 852880, at *3 (D. Colo. Mar. 4, 2016) (citations omitted).[2] Courts in the Tenth Circuit have required a far greater than normal *sub judice* delay before granting equitable tolling. For example, in *Pruess v. Presbyterian Health Plan, Inc.*, No. CV 19-629, 2020 WL 6544243, at *8–9 (D.N.M. Nov. 6, 2020), the court granted a tolling motion where

---

[2] In fact, the FLSA has been set up to only toll the statute of limitations for any opt-in plaintiffs beginning on the date they file their consent to join the action. *See Johnson v. Academy Mortgage Co.*, No. 2:12-cv-276, 2012 WL 3886098, at *3 (D. Utah Sept. 6, 2012). Because the filing of the initial complaint does not automatically toll the statute of limitations, under the FLSA it is therefore understood that some potential opt-in plaintiffs' claims will expire before they receive notice of the collective action, regardless of when a court grants certification. Thus, the fact that some claims may expire before a certification ruling is issued is an anticipated consequence under the FLSA.

there was a one-year delay from the filing of plaintiffs' certification motion until the court's order granting certification. The same held true in *Abrams v. City of Albuquerque*, Civ. No. 10-872, 2014 WL 1497810, at *10–11 (D.N.M June 26, 2014), where the court also found a one-year delay in deciding the motion, when coupled with an earlier eight-month delay in deciding a motion to dismiss, amounted to a 20-month delay that constituted an "extraordinary circumstance" that supported equitable tolling. And in *Felps v. Mewbourne Oil Co.*, 480 F. Supp.3d 1232, 1239 (D.N.M. 2020), the court found a 14-month delay between the filing of the certification motion and the court's decision was an extraordinary circumstance that merited tolling.

Conversely, in *Young v. Dollar Tree Stores*, No. 11-cv-1840, 2013 WL 1223613, at *1 (D. Colo. Mar. 25, 2013), the court denied a tolling motion noting that a 10-month delay in deciding a certification motion was not sufficiently extraordinary. Similarly, in *Pogue v. Chisholm Energy Operating Co.*, No. 2:20-cv-580, 2021 5861184, at * 10–11 (D.N.M. Dec. 10, 2021), the court found a delay of over six months from the filing of plaintiff's certification motion to the court's decision granting certification was insufficient to warrant equitable tolling. And in *Aguilar v. Management & Training Corp.*, No. CV 16-050, 2017 WL 4277139, at *12–13 (D.N.M. Jan. 27, 2017), *report and recommendation adopted*, 2017 WL 4534874 (D.N.M. Feb. 15, 2017), the court held that a two-month delay was insufficient to support equitable tolling. The court in *Aguilar* based its ruling, in part, on its view that the plaintiffs had not "diligently pursued their rights to assert

equitable tolling." *Id.* at *12. Among other things, the court noted that plaintiffs waited five months after filing their operative complaint before filing their certification motion. *Id.* Further, the court in *Aguilar* noted that it was conduct by the plaintiff that delayed the completion of briefing on the certification motion until November 28, 2016—approximately 10 months after the complaint was filed.

The timeline in *Aguilar* mirrors the timeline in this action. Plaintiff's Complaint was filed January 26, 2023, but she waited almost four months before filing her Certification Motion. [ECF 29.] Then, due to the new jurisdictional argument raised by Plaintiff, briefing on her Certification Motion was not completed until August 28, 2023—just over seven months after the Complaint had been filed. [ECF 48.] Plaintiff then voluntarily agreed to delay a hearing on her new arguments for another two months until October 20, 2023. [ECF 51.] And then, Plaintiff waited until November 17, 2023—immediately after this action was reassigned to this Court—before filing this Motion.

Given this timeline, the Court finds that there has been no extraordinary circumstances or judicial delay. Further, as the above timeline confirms, Plaintiff has not been as diligent as she could have been in pursuing her rights to assert equitable tolling. Indeed, the delays attributable to Plaintiff—a total of no less than seven months to get her Certification Motion filed and fully briefed—exceeds the period under which the Certification Motion has been under consideration. Under these circumstances, equitable tolling is not warranted at this time. *See Aguilar*,

2017 WL 4277139, at *12–13.[3]  It is possible that some opt-in plaintiffs may be able to establish their diligence and demonstrate that they satisfy the "extraordinary circumstances" that would support equitable tolling as to their claims against the Defendants.  That determination, however, must await another day.

CONCLUSION

Accordingly, based on the foregoing,

IT IS ORDERED that Plaintiff's Motion [ECF 57] is DENIED WITHOUT PREJUDICE.  This ruling does not bar any later opt-in plaintiffs from presenting a motion for equitable tolling in the future.

DATED this 18th day of March 2024.

BY THE COURT:

_____
Hon. Jill N. Parrish
United States District Judge

---

[3]  Defendants, citing decisions from outside the Tenth Circuit, have also argued that it is premature and improper, as an impermissible advisory opinion, to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court.  *See Sanchez v. Santander Bank, N.A.*, No. 3:17-cv-5775, 2019 WL 6050738, at *8 (D.N.J. Nov. 15, 2019); ECF 59 at 2–3 & n. 1 (citing cases).  As the many district court decisions cited earlier indicate, the approach within the Tenth Circuit has been to apply the doctrine of equitable tolling to potential opt-in plaintiffs in a FLSA action on a case-by-case basis as circumstances may warrant, rather than a wholesale grant or denial on the basis that such a determination would be an advisory opinion.  Courts within the Tenth Circuit have also recognized (as this Court does today) that a determination on equitable tolling as to persons who are not yet plaintiffs may have to await a later date.  *See, e.g.*, *Gomez v. Epic Landscape Prods., L.C.*, No. 2:22-cv-2198, 2023 WL 3159604, at *6 (D. Kan. Apr. 28, 2023) (noting that "the Court declines to grant equitable tolling for individuals who are not yet parties to the case. Plaintiffs may renew this request for equitable tolling at a later date if they believe it is warranted.") (citations omitted).